IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SEAN HILLS,** | : | CIVIL ACTION NO. 1:23-CV-868 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN BARRAZA,** | : | |
| | : | |
| Respondent | : | |

### **MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Sean Hills, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to apply earned time credits to his sentence pursuant to the First Step Act. We will deny the petition with prejudice.

**I.     Factual Background & Procedural History**

Hills is currently incarcerated in the Allenwood Federal Correctional Institution ("FCI-Allenwood") serving a 100-month sentence imposed by the United States District Court for the District of New Jersey for racketeering conspiracy and distribution and possession with intent to distribute cocaine. (Doc. 10-2 at 2). He filed the instant petition on May 7, 2023, and the court received and docketed the petition on May 25, 2023. (Doc. 1 at 8). Hills asserts the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to apply such credit to his sentence. (Id.) He filed a brief in support of his petition on the same day as his petition. (Doc. 2).

Respondent responded to the petition on July 5, 2023, arguing that it should be dismissed for failure to exhaust administrative remedies, or, alternatively, that it should be denied on its merits. (Doc. 10). Respondent notes that Hills is ineligible to have FSA time credits applied to his sentence because he has been assessed to have a high risk of recidivism. (Id.) Hills has not filed a reply brief in support of his petition, and the deadline for doing so has expired under the Local Rules. The petition is accordingly ripe for review.

**II.    Discussion**

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted. See 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (6) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release. See id. § 3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." Kurti v. White, No. 1:19-CV-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release.  18 U.S.C. § 3632(d)(4)(A).  An inmate may earn ten days of credit for every thirty days of successful participation.  Id.  Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation.  Id.

The BOP has declined to apply FSA time credits to Hills's sentence because he has been assessed as having a high recidivism risk under the System.  (Doc. 11-1 at 4).  Hills asserts that he is eligible to have FSA credits applied to his sentence despite this assessment.  (Doc. 1).

Hills is incorrect.  Section 102(b)(1)(B) of the FSA requires inmates to "be a minimum or low risk to recidivate" before they may be transferred to prerelease custody or supervised released pursuant to the statute.  See First Step Act of 2018, Pub. L. No. 115-391, § 102(b)(1)(B), 132 Stat. 5194, 5211 (2018) (codified in 18 U.S.C. § 3624(g)(1)(D)).  The BOP's implementing regulations for the FSA accordingly require inmates to demonstrate "recidivism risk reduction" or maintain "a minimum or low recidivism risk" before they may have time credits applied toward prerelease custody or supervised release.  28 C.F.R. § 523.44(b)(2).  In other words, although Hills "may be eligible to *earn* time credits, those credits cannot be *applied* until he has 'shown through the periodic risk reassessments a demonstrated recidivism risk reduction.'"  Stepp v. Thompson, No. 1:22-CV-964, 2022 WL 16748607, *2 (M.D. Pa. Nov. 7, 2022) (internal alteration omitted) (quoting 18 U.S.C.

3

§ 3624(g)(1)(B)).  Hills is thus ineligible to have FSA credits applied to his sentence based on his high risk of recidivism and his petition will be denied.

### III.   Conclusion

We will deny the petition for writ of habeas corpus with prejudice.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     August 22, 2023

4